JOHNSON, Judge.
The complaint, as amended, has a twofold prayer: (1) for declaratory decree, and (2) for injunctive relief.
The pleadings are somewhat confusing and appear to have been to the respective parties’ counsel also.
It appears that plaintiff at one point of his complaint is using as a basis therefor the fact that he had been discharged from a certain job where alcoholic beverages were sold on the alleged ground that he, the plaintiff, had been convicted of a felony within the past fifteen years. The complaint then proceeds beyond this point, his discharge, and alleges in general that his constitutional rights are being violated and will continue to be violated by the State Beverage Department because of the erroneous interpretation by the Director of the violation charged against the plaintiff. At this point, we think the plaintiff has begun to bring his case within the acceptable rules of pleading for relief under Chapter 87, Florida Statutes, F.S.A. The other matters alleged in the complaint about other jobs and prior approvals by the Beverage Department are really immaterial in determining whether or not a sufficient complaint had been filed. These are matters more in an evidentiary nature, and tend to lend support to the prime fact, namely: Was there an -adjudication of guilt made against the plaintiff within the past fifteen years, as intended by 561.15 (2), Florida Statutes, F.S.A., so as to make said Statute applicable to the plaintiff?
We feel that the Director was correct in not ruling on the question of plaintiff’s application for employment, because that was withdrawn and therefore nothing before the Director. In the last scheduled hearing before the Director, set for April 12, it appears that even if the hearing had been held, the Director could have only given his interpretation of whether the plaintiff was in violation of 561.15(2), which would not be judicially determinative nor binding on future Directors or even other agents of the Department or on any court or officer thereof. Therefore, we feel that the Court should have heard the case on the complaint as amended as to the question of whether or not the plaintiff came within the class of persons prohibited from receiving and holding a beverage license within the pur *451 view of 561.15 (2), Florida Statutes, F.S. A. because of an alleged conviction in 1955, and to determine from the facts whether or not there was a conviction as contemplated by said Statute as being a bar to holding such beverage license.
We therefore find and so hold, that the order appealed from should be reversed as to plaintiff’s right for a declaratory decree as to his position under F.S. 561.15(2), F. S.A., but affirm as to the court’s order dismissing the complaint as to the denial of the application for a license.
RAWLS, Acting C. J., and SPECTOR, J., concur.